**Opinion issued December 31, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00380-CR

————————————

**KRISTEN ALEIA SIMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1753959**

---

## DISSENTING OPINION

A Texas criminal courtroom is to be a sanctuary from interest groups and agendas. The evidence is what it is and the crimes and offenses are as recited in the criminal codes.

The influence of those who may have lobbied for various provisions in those codes has no place in the courtroom. It falls to the tribunal to assure a fair and impartial trial of the citizen accused.

To display behind the trial bench a plaque awarded by one of the most well-established interest groups in the nation not only fails to keep the interest group at bay, but also invites others to take notice that, in the judge's capacity as a public official, his actions merited the group's commendation. When that interest group is Mothers Against Drunk Driving—a group dedicated to the proposition that the offense for which the accused citizen is being tried in that very courtroom is a very bad and potentially horrific thing—the sanctuary has been twice defiled: not only by the agenda of the interest group, but also by the hubris of the judge charged with the responsibility of assuring a fair and impartial DWI trial.

That a judge so commended would take pride in such an award is understandable. But the criminal court judges of Harris County, Texas all have the benefit of individual private chambers where commendations, books, plaques, photos, etc. can be displayed. Display of such personal items in what is to be a hallowed sanctuary of impartial justice bespeaks a fundamental misunderstanding of the very proprietorship of that public space: it is the people's courtroom, not an oversized ante-room of some judge's chambers.

The majority opinion hints that the display of the MADD award may have been error but, determining that it did not affect Simpson's substantial rights, concludes such error, if any, is harmless. Yet, as noted by the majority, "If . . . there is a 'grave doubt' that the result was free from the substantial influence of the evidence, then the defendant's substantial rights were affected." *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002). "Grave doubt" is the situation in which, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.* at 637–38 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 433–36, 115 S. Ct. 992 (1995)).[1]

A plaque of commendation from one of the nation's most well-established interest groups on display behind the very bench at which a criminal court judge presides is an imprimatur of that judge by that interest group. The balance of my equipoise notwithstanding, because my review of the case leads me to believe that

---

[1] In *O'Neal v. McAninch*, the United States Supreme Court opined,

> [W]e consider here the legal rule that governs the special circumstance in which record review leaves the conscientious judge in grave doubt about the likely effect of an error on the jury's verdict. (By 'grave doubt' we mean that, in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.) We conclude that the uncertain judge should treat the error, not as if it were harmless, but as if it affected the verdict (*i.e.*, as if it had a 'substantial and injurious effect or influence in determining the jury's verdict').

513 U.S. 432, 435, 115 S. Ct. 992 (1995).

the display was error and that it had a substantial influence in determining the jury's verdict, I respectfully dissent.

Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).